UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CINDIE STAEHLIN and ROBERT L. STAEHLIN, JR., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No: 2:23 CV 96 ) |
| JAMES FORD, *et al.*, | ) ) |
| Defendants. | ) |

**OPINION and ORDER**

This matter is before the court on plaintiffs' motion to remand. (DE # 15.) For the reasons that follow, plaintiffs' motion is granted.

**I.     BACKGROUND**

In January 2023, plaintiffs Robert and Cindie Staehlin filed this negligence action in the Porter Superior Court. (DE # 1-2.) Plaintiffs' original complaint named a group of defendants who are all citizens of Indiana. (*Id.*) It is undisputed that these originally-named defendants were served in January 2023, and failed to appear or answer the complaint.

In March 2023, plaintiffs filed an amended complaint in the Porter Superior Court, adding Aria Partners, LLC as a defendant. (DE # 5.) Aria Partner is also a citizen of Indiana. (DE # 1-3.) After plaintiffs filed their amended complaint, but before Aria Partners was served with a copy of the amended complaint, Aria Partners removed the case to this federal court, utilizing a process known as "snap removal."

Plaintiffs now ask this court to remand the case back to state court, arguing that Aria Partners' removal violated the forum-defendant rule codified at 28 U.S.C. § 1441(b)(2). (DE # 15.) This matter is fully briefed and is ripe for ruling.

## II.     LEGAL STANDARD

Unless Congress provides otherwise, a state claim can be removed to federal court only if the federal court has original jurisdiction. 28 U.S.C. § 1441(a); *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474 (1998). It is undisputed in this case that this court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

"Removal is proper if it is based on statutorily permissible grounds, 28 U.S.C. § 1441, and if it is timely. 28 U.S.C. § 1446." *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *see also Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013).

## III.    DISCUSSION

### A.    The Forum-Defendant Rule

In this case, the parties dispute the application of § 1441(b)(2), known as the "forum-defendant rule." This section creates an additional hurdle for removal, beyond the requirement that the court have original jurisdiction. "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served* as defendants is

2

a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). "[T]he forum defendant rule disallows federal removal premised on diversity in cases where the primary rationale for diversity jurisdiction—to protect defendants against presumed bias of local courts—is not a concern because at least one defendant is a citizen of the forum state." *Morris*, 718 F.3d at 665. "[N]oncompliance with the forum-defendant rule is a statutory, not a jurisdictional, defect." *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 625 (7th Cir. 2013) (citing *Holmstrom v. Peterson*, 492 F.3d 833, 838–40 (7th Cir.2007).

The forum-defendant rule's "joined and served" language has resulted in some defendants attempting a so-called "snap removal." "Snap removal works like this: Before plaintiffs can serve a home-state defendant (whose presence would normally trigger the forum-defendant rule), defendants file removal papers, 'snapping' the case into federal court. Because the home-state defendant was not 'properly … served,' 28 U.S.C. § 1441(b)(2), the case is removable—or so snap-removing defendants argue." *In re Abbott Lab'ys, et al., Preterm Infant Nutrition Prod. Liab. Litig.*, No. 22 C 192, 2022 WL 2257182, at *3 (N.D. Ill. June 23, 2022).

Judicial response to snap removal has been mixed, and the Seventh Circuit has yet to consider the issue. District courts in this Circuit have come to varying conclusions as to the permissibility of snap removal. *Compare Whipkey v. Eli Lilly & Co.*, 2020 WL 3248472, at *4 (S.D. Ind. June 16, 2020); *D.C. v. Abbot Laboratories Inc.*, 323 F. Supp. 3d 991, 996–97 (N.D. Ill. 2018); *with Campanelli v. Univ. of Notre Dame Du Lac*, No.

3

3:23-CV-864-PPS-JPK, 2023 WL 7321413, at *4 (N.D. Ind. Nov. 6, 2023); *In re Abbott Lab'ys, et al., Preterm Infant Nutrition Prod. Liab. Litig.*, No. 22 C 192, 2022 WL 2257182, at *11 (N.D. Ill. June 23, 2022); *Norwegian Air Shuttle ASA v. Boeing Co.*, 530 F. Supp. 3d 764, 770 (N.D. Ill. 2021). The Second, Third, and Fifth Circuits have found that the plain interpretation of § 1441(b)(2) permits snap removal. *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 486–87 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704–06 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153–54 (3d Cir. 2018).

In this case, however, the court need not wade into the quagmire of this dispute in statutory interpretation. Here, plaintiffs argue that, because the defendants named in the original complaint failed to appear, and the amended complaint did not allege any new claims against these defendants, plaintiffs were not required to serve the original defendants with a copy of the amended complaint. *See* Ind. R. Trial P. 5 ("No service need be made on parties in default for failure to appear, except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided by service of summons in Rule 4."); *Cordill v. City of Indianapolis Through Dep't of Parks & Recreation*, 168 Ind. App. 685, 692, 345 N.E.2d 274, 278 (1976) ("As used in TR. 5(A) and TR. 72(D), the expression 'in default for failure to appear' does not mean that the party has been 'defaulted' (i.e., has been judicially declared to be in default), but merely that he has not yet made an appearance in the prescribed manner."). Thus, plaintiffs argue, the originally-named defendants were already

4

'properly joined and served' at the time Aria Partners removed this case. (DE # 16 at 6.) Aria Partners agrees that the originally-named defendants had already been served at the time it removed this case. (DE # 17 at 2-4.) In light of this agreement, Aria Partners' removal was improper under § 1441(b)(2).

Aria Partners argues that at least one defendant must be served before removal is permitted. (*Id.* at 3-4.) This argument, even if true, is irrelevant here because all of the named defendants are forum-defendants, and therefore the plain language of § 1441(b)(2) prohibits removal if any of the defendants have been served. Because Aria Partners concedes that the originally-named defendants were joined and served at the time it removed the case, removal was improper.

    B.    *Attorney's Fees*

Plaintiffs seek attorney's fees pursuant to 28 U.S.C. § 1447(c). (DE # 16 at 6.) "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Given the disputed interpretation of § 1441(b)(2), the court finds that removal was not objectively unreasonable and awarding fees in this instance is not warranted.

## IV. CONCLUSION

For the foregoing reasons, the court **GRANTS** plaintiffs' motion to remand, but **DENIES** plaintiffs' request for attorney's fees. (DE # 15.) This case is **REMANDED** to the Porter Superior Court.

Date: December 8, 2023

**SO ORDERED.**

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT